# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-242-FDW

| | |
|---|---|
| BENSON MOORE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1). Also pending is Plaintiff's Motion for Classification of the Class, (Doc. No. 4). He is proceeding *in forma pauperis*. (Doc. No. 9).

## I. BACKGROUND

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 addressing the conditions of his confinement at the Mountain View Correctional Institution. Plaintiff also cites 18 U.S.C. § 242 as a basis for this lawsuit. He names as Defendants: Mountain View C.I. Superintendents Mike Slagle and Dexter Gibbs, Physician Assistant Jeffrey Patane, Supervisor Nurse Norma Melton, and Registered Nurse Brandon Barrier.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff and "countless others" are experiencing unnecessary daily pain and suffering, mental anguish, and worsening physical condition because they are receiving inadequate medical care. (Doc. No. 1 at 4). Plaintiff has filed 50 or more sick calls since arriving at Mountain View C.I. on December 1, 2017, along with five grievances and 10 medical emergencies. He has made approximately 20 outside communications for intervention only to be told by medical staff that his pains are

1

psychological and that, as a 40-year-old, it is impossible to be experiencing as much pain as he reports. Plaintiff seeks declaratory judgment, injunctive relief, compensatory and punitive damages, and such other relief that the Court deems fit.

In his Motion for Class Certification, Plaintiff lists 60 inmates who have allegedly experienced inadequate medical care at the Mountain View Correctional Institution. He claims that he received "word-of-mouth, voluntary written signature" of the other "Plaintiff(s)." (Doc. No. 4 at 8).

## II.     SCREENING STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights

issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III. DISCUSSION**

Plaintiff, a *pro se* prisoner, is barred from representing anyone other than himself. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (the Fourth Circuit does not certify a class where a *pro se* litigant will act as the representative of that class); see also Hafner v. Office of Thrift Supervision, 977 F.2d 572 (4th Cir. 1992) (holding that, because plaintiff is *pro se* and is not an attorney, although he filed pleadings purporting to represent a group, he is "barred from representing anyone other than himself.")(unpublished). Therefore, Plaintiff's claims asserted on behalf of others will be dismissed and his Motion for Classification of the Class, (Doc. No. 4), will be denied.

The claims that Plaintiff asserts on his own behalf are too vague and conclusory to proceed. He appears to assert claims of deliberate indifference to a serious medical need. The deliberate indifference standard has two components. The plaintiff must show that he had serious medical

3

needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted).

Plaintiff fails to allege that he had a serious medical need. Nor does he allege how each of the Defendants' was deliberately indifferent to that serious medical need. See. Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002). Plaintiff's conclusory allegations about the denial of medical care are insufficient to proceed at this time.

In sum, Plaintiff's Complaint, as submitted, fails to state a claim against any named Defendant and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will allow Plaintiff the opportunity to amend his Complaint, if he so chooses.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to file an Amended Complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file an Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without

prejudice and without further notice to Plaintiff.

2. Plaintiff's Motion for Classification of the Class, (Doc. No. 4), is **DENIED**.

3. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an Amended Complaint, if he so wishes.

Signed: December 20, 2019

Frank D. Whitney
Chief United States District Judge