UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-242-FDW

| | |
|---|---|
| BENSON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIKE SLAGLE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 12). Also pending are *pro se* Plaintiff's Amended Motion for Classification of the Class, (Doc. No. 13), and Motion for the Appointment of Counsel to Represent the Class, (Doc. No. 14). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 9).

### I. BACKGROUND

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 addressing the conditions of his confinement at the Mountain View Correctional Institution. Plaintiff also cites 18 U.S.C. § 242 as a basis for this lawsuit. He names as Defendants: Mountain View C.I. Superintendent of Custody Mike Slagle, Superintendent of Programs Dexter Gibbs, Physician Assistant Jeffrey Patane, Nurse Supervisor Norma Melton, and Registered Nurse Brandon Barrier.

The Amended Complaint addresses the allegedly insufficient medical care and lack of accommodations that Plaintiff received at Mountain View C.I. beginning when he was transferred to that facility on December 1, 2017. He seeks declaratory judgment, injunctive relief, compensatory damages, punitive damages, and such relief the Court may deem fit to which

1

Plaintiff is entitled.

## II.     SCREENING STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal

civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

In the instant case, Plaintiff addresses the allegedly inadequate medical care that he has received at Mountain View C.I. beginning when he was transferred to that facility on December 1, 2017. The Complaint was insufficient to proceed and Plaintiff was ordered to amend, which he did on January 19, 2020. The Amended Complaint is now before the Court on initial review.

However, just before Plaintiff filed the instant action in this Court, he filed a Complaint in the Middle District of North Carolina on August 14, 2019 raising a number of issues including his medical care at Mountain View that has now been transferred to this Court, case number 1:20-cv-58-FDW.[1] Plaintiff's Complaint in case number 1:20-cv-58 addresses the alleged incidents at Mountain View with regards to medical care and accommodations between his arrival at that facility on December 1, 2017 and April 8, 2019. (1:20-cv-58, Doc. No. 2 at 36-49). In his Motion to Amend/Update, Plaintiff adds allegations about incidents at Mountain View between April 12, 2019 and January 8, 2020. (1:20-cv-58, Doc. No. 11 at 1-13). Taking the Complaint and Motion to Amend/Update together, Plaintiff's allegations in case number 1:20-cv-58 are virtually identical to those the allegations that Plaintiff has made in the instant case. See (Doc. No. 12 at 14-38). In both cases, Plaintiff seeks declaratory judgment, injunctive relief, compensatory and punitive

---

[1] The Middle District Court dismissed the Compliant as to incidents that allegedly occurred at other institutions; only the incidents from Mountain View C.I. remain pending.

damages, and such other relief as the Court may deem that Plaintiff is entitled. (Doc. No. 12 at 39-40); (1:20-cv-58, Doc. No. 2 at 67-68).

"Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." Cottle v. Bell, 229 F.3d 1142 (4th Cir. Aug.14, 2000) (*per curiam*) (citing with approval Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two. Id. (citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986)).

Plaintiff has made nearly identical allegations against similar parties in his two lawsuits that address the same incidents at the same institution during the same time period and seeks similar relief in both.[2] The instant case is therefore duplicative of case number 1:20-cv-58. Case number 1:20-cv-58, which was filed first, will be permitted to proceed and the instant case will be dismissed as frivolous. This dismissal is without prejudice for Plaintiff to file a superseding Amended Complaint in case number 1:20-cv-58.

**IV.    PENDING MOTIONS**

Although the instant case is being dismissed, the Court will address Plaintiff's pending Motions so that he does not simply re-file them in case number 1:20-cv-58.

In the Amended Motion for Classification of the Class, (Doc. No. 13), Plaintiff asks the Court to qualify the action as a class action. The class are inmates who are housed at Mountain View C.I., and whose rights are allegedly being violated by Defendants gross disregard for comprehensive healthcare consistent with community standards. The Plaintiff alleges various

---

[2] All of the Defendants that Plaintiff names in the instant case are also named as Defendants in case number 1:20-cv-58; the Court notes that Plaintiff refers to a number of additional individuals in this case whom he has not formally named as defendants as required by Rule 10(a) of the Federal Rules of Civil Procedure.

violations, including abruptly discontinuing effective and prescribed medications upon arrival at Mountain View, blatantly ignoring numerous sick call complaints, discontinuing reasonable accommodations without any reasonable justification or substitution with prescribed accommodations, and thoughtlessly prescribing numerous ineffective accommodations that have already been tried. Elder inmates are frequently denied IRAR requests for ADA accommodation and they are forced to work while enduring a great disregard for their health concerns by Defendants. Defendants have killed and came close to killing several of the Plaintiffs with years of misdiagnoses and ignoring sick call and medical emergency complaints of pain and failing to pursue further testing or seeking specialists. Defendants make it customary to deny any current treatment it does not agree with and justifies their conduct with comments that "per custody this facility does not allow…" or defendant will flash a printout without a heading or signature that shows reasons for not authorizing medical items. Plaintiff has personally experienced Defendants' "wrath" including cancellation of recommended appointments and medication. (Doc. No. 13 at 3). This facility had a prior injunctive order to remove sheet metal window coverings from solitary cell doors but the order has been ignored. This facility pays a monthly fine to the fire department for overcrowding and to the city for overuse of water supply. (Doc. No. 4 at 4). This facility has lost its federal funding due to overcrowding and supplements that assistance with excessive disciplinary infractions at $10 per disciplinary. If a medical condition is not life threatening, Defendants are referring all complaints of pain to the psychiatrist as they are forced to start over in receiving corrective treatment. The sick calls cost $5 each. Plaintiff is claiming deliberate indifference and asks the Court to classify this as a class action.

In his Motion for the Appointment of Counsel to Represent the Class, (Doc. No. 14). Plaintiff claims that the majority of Plaintiffs cannot afford counsel, the issues involve multiple

parties, the action is a class action mandating representation by an attorney, expert testimony and witnesses will likely be necessary, and the Plaintiff cannot represent a class.

As a general matter, class actions are appropriate in § 1983 litigation. Kirby v. Blackledge, 530 F.2d 583, 588 (4th Cir. 1976). To be certified as a class action, a precisely defined class exist must and the proposed class representatives must be members of the putative class. Fed. R. Civ. P. 23(a); see East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) ("a class representative must be a part of the class"). In addition, the four prerequisites expressly set out in Rule 23(a) must be satisfied. That is: (1) the class is so numerous that joinder of all members is impracticable (the "numerosity requirement"); (2) there are questions of law or fact common to the class (the "commonality requirement"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (the "typicality requirement"); and (4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy-of-representation requirement"). Fed. R. Civ. P. 23(a).

Once the prerequisites under Rule 23(a) are met, the action must next satisfy one of the three alternative sets found within Rule 23(b):

> (1) prosecuting separate actions by or against individual class members that would create a risk of:
>
>     (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
>     (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy....

Fed. R. Civ. P. 23(b).

Plaintiff, a *pro se* prisoner, is barred from representing anyone other than himself. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (the Fourth Circuit does not certify a class where a pro se litigant will act as the representative of that class); see also Hafner v. Office of Thrift Supervision, 977 F.2d 572 (4th Cir. 1992) (holding that, because plaintiff is pro se and is not an attorney, although he filed pleadings purporting to represent a group, he is "barred from representing anyone other than himself.")(unpublished).

Petitioner seeks to avoid this bar by seeking the representation of counsel. However, there is no absolute right to the appointment of counsel in civil actions such as this one. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. To the extent that Plaintiff argues that the existence of an unrepresented class is an exceptional circumstance, this argument is rejected because Plaintiff has failed to establish that he can satisfy Rule 23. Therefore, Plaintiff's Motions will be denied.

## V.    CONCLUSION

For the reasons stated herein, this action is dismissed as frivolous because it is duplicative of case number 1:20-cv-58 and Plaintiff's pending Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 12), is dismissed as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's Amended Motion for Classification of the Class, (Doc. No. 13), and Motion for the Appointment of Counsel to Represent the Class, (Doc. No. 14), are **DENIED**.

3. The Clerk is instructed to close this case.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge